**SIGNED this 23 day of January, 2019.**



_James P Smith_

**James P. Smith**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | Case No. 18-30832-JPS |
| ROBERT CAREY BARNETT, | : | |
| Debtor | : | |
| | : | |
| ROBERT CAREY BARNETT, | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| ALDRIDGE PITE, LLP and | : | |
| RADHA E. GORDON, | : | |
| Respondents | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

For Movant:                    Barry Gordon Irwin
                               Attorney at Law
                               P.O. Box 1861
                               Athens, GA 30603-1861

For Respondent:                Radha Gordon
                               Aldridge Pite, LLP
                               Fifteen Piedmont Center
                               3575 Piedmont Rd., N.E.
                               Suite 500
                               Atlanta, GA 30305

## MEMORANDUM OPINION

### FACTS

On November 29, 2018, Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A (hereinafter "Wilmington") filed its motion for relief from stay, to foreclose on Debtor's residence in Athens, Georgia (Docket No. 21).  The motion was scheduled for a January 15, 2019 hearing in Athens, Georgia.  At the hearing, Wilmington appeared through local counsel, who asked for a continuance of the hearing.  Counsel for Debtor objected to a continuance.  Debtor's counsel argued that the motion was frivolous and asked the Court to hold a hearing to consider sanctions under Bankruptcy Rule 9011 against Wilmington's law firm, Aldridge Pite, LLP, and Radha E. Gordon, the attorney who signed the motion for relief.  The Court noted that Debtor's counsel had not complied with the notice requirements of Bankruptcy Rule 9011(c)(1)(A), which requires that a Rule 9011 motion be served on the party against whom sanctions are sought and then filed with the court only if the offending pleading is not withdrawn within 21 days.  Counsel for Debtor argued that the 21 day rule did not apply if the court held a hearing on its own motion pursuant to Bankruptcy Rule 9011(c)(1)(B), and that he, Debtor's counsel, had advised Wilmington's counsel by phone the day before that he would seek sanctions at the hearing.  The Court declined to hold a sanctions hearing based upon such informal notice.  Instead, the Court invited Debtor's counsel to file a motion with the Court explaining why the Court should issue a show cause order pursuant to Bankruptcy Rule 9011(c)(1)(B).  The

Court then continued the hearing on the motion for relief.[1]

Debtor's counsel has now filed a "MOTION FOR "SHOW CAUSE" HEARING

AND FOR DAMAGES PURSUANT TO 11 U.S.C. § 362(k)(1)" (Docket No. 26).  For the

reasons explained below, the Court declines to issue a "show cause" order.


DISCUSSION

Bankruptcy Rule 9011(c), provides, in pertinent part:

> **Sanctions**.  If, after notice and a reasonable opportunity to
> respond, the court determines that subdivision (b) has been
> violated, the court may, subject to the conditions stated below,
> impose an appropriate sanction upon the attorneys, law firms,
> or parties that have violated subdivision (b) or are responsible
> for the violation.
>
> > (1) How Initiated.
> > > (A) By Motion.  A motion for
> > > sanctions under this rule shall be
> > > made separately from other
> > > motions or requests and shall
> > > describe the specific conduct
> > > alleged to violate subdivision
> > > (b).  It shall be served as
> > > provided in Rule 7004.  The
> > > motion for sanctions may not be
> > > filed with or presented to the
> > > court unless, within 21 days
> > > after service of the motion (or
> > > such other period as the court
> > > may prescribe), the challenged
> > > paper, claim, defense,
> > > contention, allegation, or denial
> > > is not withdrawn or
> > > appropriately corrected, except
> > > that this limitation shall not

---

[1] Wilmington subsequently withdrew the motion (Docket No. 25).

> apply if the conduct alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.
>
> (B) On Court's Initiative.  On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

Informal service is not sufficient to satisfy the service requirements of Bankruptcy

Rule 9011.  As the Fifth Circuit has held:

> ...the plain language of Rule 9011 mandates that the movant serve the respondent with a copy of the motion before filing it with the court.  There is no indication in Rule 9011 (or Rule 11) or in the advisory notes to support [movant's] contention that a motion for sanctions may be filed with the court without serving the respondent with a copy at least twenty-one days in advance.  Moreover, we have continually held that strict compliance with Rule 11 is mandatory.  We may not disregard the plain language of the statute and our prior precedent without evidence of congressional intent to allow "substantial compliance" through informal service.

The Cadle Co. v. Pratt (In re Pratt), 524 F.3d 580, 588 (5th Cir. 2008).

Further, the Court concludes that it would be improper to allow Debtor's counsel to avoid the requirements of Rule 9011(c)(1)(A) by seeking relief under Rule 9011(c)(1)(B).  It is Debtor's counsel, and not the Court, that has initiated the sanctions procedure.

> It would render Rule 11(c)(1)(A)'s "safe harbor" provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement.

Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 789 (9th Cir. 2001).  Debtor's motion for an order under Rule 11(c)(1)(B) is improper.  A separate order denying the motion for "show cause" hearing and scheduling a hearing on Debtor's claim for damages under 11 U.S.C. § 362(k)(1) will be entered.

*END OF DOCUMENT*

6